UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,

        Petitioner,               Civil Action No. 2:16-CV-14049

vs.                                    HON. BERNARD A. FRIEDMAN

SHANE JACKSON,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING CASE AND DENYING A CERTIFICATE OF APPEALABILITY

In November, 2016, Michigan prisoner Derrick Lee Smith filed a one-page document entitled "Petition for a Writ of Habeas Corpus under U.S.C. 2254 by a Person in State Custody." He did not submit any pleadings in support of this document, nor did he pay the required filing fee or submit an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a); 28 U.S.C. § 1915; Rule 3 of the Rules Governing § 2254 Cases. The Court, therefore, issued a deficiency order on November 28, 2016, requiring him to submit a habeas petition pursuant to 28 U.S.C. § 2254 and to either pay the filing fee or submit a properly completed in forma pauperis application. The order provided that if he did not do so within 14 days, his case would be dismissed.

The time for submitting the habeas petition and either the filing fee or the required information has elapsed, and the petitioner has failed to correct the deficiencies. Accordingly, the court dismisses this case without prejudice. The petitioner may institute a new action by filing a proper habeas petition with payment of the filing fee or an in forma pauperis application. This

case will not be reopened. The Court makes no determination as to the merits of any habeas claims.

Before the petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits of a habeas petition, a certificate of appealability should issue if reasonable jurists could debate whether the petitioner states a valid claim of the denial of a constitutional right and whether the Court's ruling was correct. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the court denies a certificate of appealability.

IT IS SO ORDERED.

s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 10, 2017

2